IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK B., a Minor, By and through his Parent, KESHIA B., of York, PA,** | : | **CIVIL NO: 1:11-CV-00927** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **THE PARADISE PROTECTORY AND AGRICULTURAL SCHOOL, INC.,** *et al.*, | : | **JUDGE SYLVIA H. RAMBO** |
| **Defendants** | : | |

## M E M O R A N D U M

Before the court are two motions to dismiss, one filed by Defendant Lincoln Intermediate Unit ("LIU") (Doc. 18) and one filed jointly by The Paradise Protectory and Agricultural School, Inc.; Paradise School for Boys; Catholic Charities of the Diocese of Harrisburg, Pennsylvania, Inc.; and the Roman Catholic Diocese of Harrisburg ("Paradise Defendants") (Doc. 20). Plaintiff brought claims pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* Defendants seek to dismiss those claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies and also pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the court will grant Defendants' motions pertaining to Plaintiff's failure to exhaust administrative remedies.

I.        **Background**

    A.        **Facts**[1]

This action is brought by Plaintiff Patrick B. ("Patrick" or "Plaintiff"), a minor child, by and through his parent, Keshia B., seeking monetary damages, declaratory relief, and reasonable attorneys' fees and costs under Section 504 and the ADA (Count I) and Pennsylvania law (Count II).  (Doc. 1, Compl. ¶¶ 1, 54-62.)

Plaintiff is a student who is eligible for special education services as a child with an Emotional Disturbance within the meaning of that term under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., and its regulations.  (*Id.* at 2) (citing 34 C.F.R. § 300.7(c)(4).)  On January 23, 2008, due to escalating aggression toward peers and staff at Lincoln Charter School, Patrick, a first grade student at the time, was admitted as an inpatient to Universal Community Health York Partial Program, the Meadows Psychiatric Center ("Meadows").  (*Id.* at 3.)  Upon discharge from Meadows, the School District of the City of York ("District") and Defendant LIU determined that the District did not have an appropriate educational program and placement for Patrick because Patrick needed "medication management and therapy."  (*Id.* at 4.)

Pursuant to his Individualized Education Program ("IEP"), LIU and the District determined that Defendant Paradise School for Boys ("Paradise") could meet Patrick's needs.  (*Id.* at 5.)  LIU was designated as Patrick's local educational agency ("LEA") pursuant to 34 C.F.R. § 300.28.  (*Id.*)  On February 25, 2008, the District issued a Notice of Recommended Educational Placement ("NOREP") for Patrick to

---

[1]  As required when deciding a motion to dismiss, the court will accept as true all properly-pleaded factual allegations contained in the complaint.

attend Paradise.  (*Id.* at 5.)  On February 29, 2008, Keshia B. approved the NOREP, (*id.* at 46), and on March 4, 2008, Patrick started school in the Emotional Support program at Paradise (*id.* at 47).  Patrick attended Paradise from March 4, 2008, through May 22, 2009.  (*Id.* at 48.)  During that time, Plaintiff alleges that Defendants failed to (1) conduct appropriate evaluations to identify all of Patrick's educational needs, (2) undertake an appropriate Functional Behavior Assessment ("FBA"), and (3) provide appropriate IEPs.  (*Id.* at 48.)

Plaintiff asserts that, as a result of Defendants' alleged failure to appropriately provide for Patrick's educational, emotional, social, and behavioral needs, Patrick's behaviors escalated, ultimately resulting in a serious injury to Patrick and his discharge from Paradise.  (*Id.* at 49.)  From April 2009, through May 15, 2009, Paradise noted twelve incidents of Patrick's escalating behavior.  (*Id.* at 50.)  On May 15, 2009, a behavioral incident occurred wherein a staff member attempted to restrain Patrick by grabbing his wrist.  (*Id.*)  As a result, Patrick sustained a fractured wrist, resulting in multiple hospital visits and causing Patrick to suffer from sadness and depression.  (*Id.* at 51.)  A neuropsychological report conducted in September 2010 concluded that repeated restraints in the educational setting had reduced Patrick's initiative and engagement in the classroom.  (*Id.*)

On May 21, 2009, Paradise and LIU completed a Re-Evaluation Report ("RR").  (*Id.* at 52.)  The complaint alleges that the RR was inadequate because, despite noting that Patrick "is not working on grade level," it failed to conduct any cognitive testing.  (*Id.*)  Plaintiff further alleges that Paradise failed to administer any behavioral rating scales, such as the Behavior Assessment System for Children ("BASC") and also failed to provide that a functional behavioral assessment

("FBA") be conducted.  (*Id.*)  Plaintiff also alleges that Plaintiff's IEP dated February 28, 2008 was substantively inadequate as a result of the failure to provide a FBA, the failure to incorporate appropriate Evaluation Reports ("ER"), and for failure to provide any math, reading, or writing goals.  (*Id.* at 45.)  In short, Plaintiff is seeking relief because "Defendants have failed to properly identify and program for Patrick's needs, and have failed to fulfill the substantive and procedural requirements of the IDEA, including the requirements to: 1) conduct appropriate evaluations; 2) create appropriate Evaluation Reports and Re-evaluation Reports; 3) create and implement proper [IEPs]; and 4) provide Patrick with an appropriate educational placement, thereby denying Patrick a 'free appropriate public education' ("FAPE") as required by the IDEA and Section 504."  (*Id.* at 6.)

### B.   Procedural History

Plaintiff, by and through his parent, brought this action on May 13, 2011.  (Doc. 1.)  On September 6, 2011, Defendant LIU filed a motion to dismiss (Doc. 18) and supporting brief (Doc. 19).  On September 9, 2011, Paradise Defendants filed a motion to dismiss, joining in LIU's motion,[2] (Doc. 20) followed by a brief in support on September 13, 2011 (Doc. 22).  Plaintiff filed a brief in opposition on September 20, 2011.  (Doc. 23.)  On October 3, 2011, Defendant LIU

---

[2]   Paradise Defendants also moved to dismiss the ADA claims in Count I of the complaint on the additional ground that they are not "public entities" within the meaning of 42 U.S.C. § 12131.  Plaintiff filed a response to Paradise Defendants' motion on September 23, 2011 (Doc. 25) wherein Plaintiff conceded that Paradise Defendants are not "public entities" under 42 U.S.C. § 12131 and therefore does not oppose dismissal of the ADA claim as to Paradise Defendants.  The court notes this concession for the record but will not dismiss the claim because, as explained below, the court lacks subject matter jurisdiction because Plaintiff has not properly exhausted administrative remedies.

filed a reply brief.  (Doc. 27.)  Paradise Defendants have not filed a reply brief, and the time to do so has now expired.  Accordingly, the motions are ripe for disposition.[3]

## II.        **Standard**

"'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.'"  *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)).  The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (citing *Growth Horizons v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir. 1993)).  A plaintiff's failure to exhaust his administrative remedies is a jurisdictional issue, such that the appropriate device to raise this issue is a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.  *Matula*, 67 F.3d at 492-93; *Shadie v. Forte*, 2011 U.S. Dist. LEXIS 14739, at * 7 (M.D. Pa. Feb. 15, 2011).  Unlike dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of the plaintiff's case, but only a determination that the court

---

[3]  On November 1, 2011, LIU filed a motion for leave to submit a supplemental brief which is opposed by Plaintiff's counsel.  (Doc. 28.)  No brief in opposition has yet been filed.  The purpose of the supplemental brief (Doc. 29) is to call to the court's attention recent case law holding that monetary damages are not recoverable under Section 504 and the ADA absent a showing by a plaintiff of defendant's intentional discrimination or deliberate indifference.  Because this brief will have no bearing on the court's determination that Plaintiff failed to exhaust administrative remedies, the motion is denied.

lacks the authority to hear the case.  *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### III.   Discussion

This case requires the court to revisit the issue of exhaustion of administrative remedies in the context of the IDEA.  Exhaustion of the IDEA's administrative remedies is required not only for actions brought under the IDEA, but also for other actions brought "seeking relief that is also available under [the IDEA]."  20 U.S.C. § 1415 (l).  More specifically:

> Nothing in this title . . . shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, . . . or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.*

20 U.S.C. § 1415 (l) (emphasis added).  Based on this language, courts have repeatedly held that, to the extent that any claim seeks relief that is available under the IDEA, the IDEA's administrative remedies must be exhausted before such an action is brought.  *R.R. v. Manhiem Twp. Sch. Dist.*, 2011 U.S. App. LEXIS 2702, *10 (3d Cir. Feb. 10, 2011) (quoting *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 611 (E.D. Pa. 2008)); *Hesling v. Avon Grove Sch. Dist.* ("*Hesling II*"), 2010 U.S. Dist. LEXIS 65450, at *5 (E.D. Pa. June 30, 2010) (finding exhaustion of administrative remedies required for ADA and Section 504 claims where those claims are premised on "the same allegedly retaliatory acts as their IDEA claim" and the relief is "available under the IDEA"); *R.T. v. Southeastern York County Sch.*

*Dist.*, 2007 U.S. Dist. LEXIS 11841, at *6 (M.D. Pa. Feb. 20, 2007) (Rambo, J.) (stating that in the Third Circuit, "the exhaustion requirement is a prerequisite for a District Court to have subject matter jurisdiction over a claim under the IDEA, or any claim that seeks relief similar to that available under the IDEA"); *see also Brandon V. v. Chichester Sch. Dist.*, 2007 U.S. Dist. LEXIS 53852, at *10-11 (E.D. Pa. July 25, 2007) (finding exhaustion of administrative remedies required for Section 504 claim to the extent the claim seeks relief that is also available under IDEA); *M.M. v. Tredyffrin/Easttown Sch. Dist.,* 2006 U.S. Dist. LEXIS 62918, at *23 (E.D. Pa. Sept. 1, 2006) (same).

Here, Plaintiff's requested relief is somewhat ambiguous.  Plaintiff argues emphatically that the "clear gist of Plaintiff's action" is a claim for compensatory damages, and because compensatory damages are not available under the IDEA, the exhaustion requirement is excused.  (Pl.'s Br. in Opp., Doc. 23, at 23-24) (citing *James S. v. School Dist. of Phila.*, 559 F. Supp. 2d 600, 618 (E.D. Pa. 2008) ("exhaustion is excused where plaintiff seeks compensatory damages not available under IDEA"); *Colon v. Colonial Intermediate Unit*, 443 F. Supp. 2d 659 (M.D. Pa. 2006) (same)).  A review of the entire complaint, however, does not support this argument.  The complaint, under the heading "Relief Requested," states plainly that "Plaintiff seeks monetary damages, declaratory relief, and reasonable attorney's fees and costs under Section 504, the ADA, and Pennsylvania law."  (Doc. 1, ¶ 62.)   In their brief in opposition, Plaintiff concedes that declarative relief is also sought, but designates that request as a "clear secondary purpose of the action." (Doc. 23 at 24.)

A few courts have held that whenever a plaintiff sues under the IDEA and only requests monetary damages, exhaustion is excused. *See, e.g.*, *Weidow v. Scranton Sch. Dist.*, 2009 U.S. Dist. LEXIS 73622 (M.D. Pa. Aug. 19, 2009); *James S., supra; Colon, supra*.  These courts have relied on the Third Circuit's holding in *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995), stating that exhaustion was not required in that instance because the only relief sought  – compensatory damages – was unavailable from the administrative proceedings.  However, these cases are easily distinguishable from the current case, because Plaintiff here is seeking not only compensatory damages, but also declarative relief and attorney's fees.  Case law is clear that various forms of equitable relief, including the issuance of a declaratory judgment, can be obtained through the IDEA's administrative proceedings.  *Hesling II*, 2010 U.S. Dist. LEXIS 65450, at * 3-4; *Hesling v. Avon Grove Sch. Dist.* ("*Hesling I*"), 428 F. Supp. 2d 262, 273 (E.D. Pa. 2006).  Likewise, the IDEA provides that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs – (I) to the prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415 (i)(3)(B)(i)(I).  Thus, because some of the relief sought by Plaintiff is available from an administrative proceeding, exhaustion is required.

Furthermore, many of the courts excusing exhaustion did so on the additional basis that administrative proceedings had already occurred and the only unresolved issue was whether damages should be awarded.  *See Hesling I*, 428 F. Supp. 2d at 275 (noting that the "fact that the parties [in *Matula*] had already participated in various administrative proceedings . . . and the only unresolved issue was whether damages could be awarded," was "central to the [Third Circuit's]

decision."); *M.M.*, 2006 U.S. Dist. LEXIS 62918, at *7 (distinguishing *Matula* because in that case, plaintiffs had undergone extensive administrative proceedings, the factual record was fully developed, and all substantive issues had been resolved). The court reiterates the importance of IDEA's comprehensive administrative process under which "educational professionals are supposed to have the first crack at formulating a plan to overcome the consequences of educational shortfalls" and provide "a valuable record" on appeal. *Brandon V.*, 2007 U.S. Dist. LEXIS 53852, at *17-18 (citing *Lindsley v. Girard Sch. Dist.*, 213 F. Supp. 2d 523, 537 (W.D. Pa. 2002) and *Falzett v. Pocono Mountain Sch. Dist.*, 150 F. Supp. 2d 699, 702 (M.D. Pa. 2001)). Here, no administrative hearings have taken place, and thus no factual record has been established. By requiring exhaustion under these circumstances, the court is enabling "the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes . . . ." *Id.*, at *18. (quoting *Falzett*, 150 F. Supp. 2d at 702).[4] Further, Plaintiff has alleged that Patrick failed to progress academically due to Defendants' inappropriate programs and actions, thus denying him a FAPE. These problems have "both an educational source and educational consequences" that are most appropriately addressed in the first instance by IDEA's comprehensive administrative process. *Id.*, at *16-17. As such, this court determines that Plaintiff has failed to exhaust administrative remedies and therefore this court lacks subject matter jurisdiction.[5]

---

[4] Likewise, Count II, alleging that Defendants' actions are negligent on the ground that Defendants breached their duty under the IDEA, Section 504, and the ADA, shall be dismissed because, here again, a finding of violations of these statutes is best made by educational professionals and thus must be addressed in the first instance in an administrative proceeding.

[5] Defendants also argue for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)
(continued...)

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  November 10, 2011.

---

[5] (...continued)
for failure to state a claim because the applicable two year statute of limitations has expired and further argue for the dismissal of Plaintiff's request for compensatory damages, arguing that a private cause of action for money damages premised on Section 504 or ADA claims is "untenable." (Doc. 19 at 4.) Because the court finds that it lacks jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court need not address these arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK B., a Minor, By and          :
through his Parent, KESHIA B., of     :     CIVIL NO: 1:11-CV-00927
York, PA,                             :
                                      :
                 Plaintiff,           :
                                      :
        v.                            :
                                      :
THE PARADISE PROTECTORY               :     JUDGE SYLVIA H. RAMBO
AND AGRICULTURAL SCHOOL,              :
INC., *et al.*,                       :
                                      :
                 Defendants           :
                                      :

# O R D E R

In accordance with the above memorandum, it is **HEREBY**

**ORDERED** as follows:

      1.  Defendant LIU's motion for leave to file a supplemental brief (Doc.

28) is **DENIED;**

      2.  Defendant LIU's proposed supplemental brief (Doc. 29) is

**STRICKEN** from the docket;

      3.  Defendants' motions to dismiss (Docs. 18 & 20) are **GRANTED**;

      4.  The Clerk of Court is directed to close the case.


                s/Sylvia H. Rambo
                United States District Judge

Dated:  November 10, 2011.