IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK B., a Minor, By and through his Parent, KESHIA B., of York, PA,** | : | **CIVIL NO: 1:11-CV-00927** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **THE PARADISE PROTECTORY AND AGRICULTURAL SCHOOL, INC.,** *et al.*, | : | **JUDGE SYLVIA H. RAMBO** |
| **Defendants** | : | |

**M E M O R A N D U M**

Following this court's dismissal of Plaintiff's complaint for lack of subject matter jurisdiction as a result of Plaintiff's failure to exhaust administrative remedies, Plaintiff filed three motions: (1) a motion to alter or amend judgment (Doc. 31), (2) a motion for leave to file an amended complaint (Doc. 33), and (3) a motion to supplement the record (Doc. 37).  The motions are ripe for disposition. For the reasons that follow, the court will grant all three motions.

**I.**      **Background**

Plaintiff filed his original complaint on May 13, 2011.  (Doc. 1.)  In the original complaint, Plaintiff, Patrick B., a minor child, by and through his parent, Keshia B., sought monetary damages, declaratory relief, and reasonable attorneys' fees and costs under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Pennsylvania law.  (Doc. 1, Compl. ¶¶ 1, 54-62.)  On September 6, 2011,

Defendant Lincoln Intermediate Unit ("LIU") filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 18.)  On September 9, 2011, Defendants Paradise Protectory and Agricultural School, Inc.; Paradise School for Boys; Catholic Charities of the Diocese of Harrisburg, Pennsylvania, Inc.; and the Roman Catholic Diocese of Harrisburg ("Paradise Defendants") filed a motion to dismiss, joining in LIU's motion and also moving to dismiss the ADA claims because Paradise Defendants are not "public entities" within the meaning of the ADA.  (Doc. 20.)  In its response, Plaintiff conceded that Paradise Defendants are not public entities under the ADA and therefore did not oppose dismissal of the ADA claim against Paradise Defendants on those grounds.

On November 10, 2011, the court issued its Memorandum and Order dismissing the complaint against all Defendants for lack of jurisdiction, finding that Plaintiff was required to exhaust his administrative remedies prior to filing the complaint, and failed to do so.  The court explained:

> [P]laintiff here is seeking not only compensatory damages, but also declarative relief and attorney's fees.  Case law is clear that various forms of equitable relief, including the issuance of a declaratory judgment, can be obtained through the IDEA's administrative proceedings.  *Hesling II*, 2010 U.S. Dist. LEXIS 65450, at * 3-4; *Hesling v. Avon Grove Sch. Dist.* ("*Hesling I*"), 428 F. Supp. 2d 262, 273 (E.D. Pa. 2006).  Likewise, the IDEA provides that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs – (I) to the prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415 (i)(3)(B)(i)(I).  Thus, because some of the relief sought by Plaintiff is available from an administrative proceeding, exhaustion is required.

*Patrick B. v. The Paradise Protectory and Agric. Sch., Inc.*, 2011 U.S. Dist. LEXIS 130297, *12-13 (M.D. Pa. Nov. 10, 2011).

On December 7, 2011, Plaintiff filed a motion to alter or amend judgment and brief in support (Docs. 31 & 32) and a motion for leave to file an amended complaint and brief in support (Docs. 33 & 34).  On December 23, 2011, Plaintiff also filed a motion to supplement the record and brief in support (Docs. 37 & 38).  On January 9, 2012, Defendant LIU filed a brief in opposition (Doc. 39) in which Paradise Defendants joined (Doc. 40).  Finally, on January 20, 2012, Plaintiff filed a reply brief.  (Doc. 41).  Thus, the motions are ripe for disposition.  The court will address each motion in turn.

## II.        Legal Standard

A motion to alter or amend a judgment (hereinafter, referred to interchangeably as a "motion for reconsideration") is governed by Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight (28) days of its entry.  *Baker v. United States*, 2012 U.S. App. LEXIS 2816, *7-8, n.5 (3d Cir. Feb. 13, 2012).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).

3

These three narrow allowances are the only permissible grounds for a motion to reconsider. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc. v. Interstate Fire and Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "Reconsideration of judgment is an extraordinary remedy, [and] such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course twenty-one days after serving it and twenty-one days after the filing of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party may amend its pleading only with opposing party's consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend

4

"absent a concomitant showing of undue prejudice or bad faith." *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993).

Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Id.* "Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

In sum, when considering a motion for leave to amend, the court must weigh the prejudice to the non-moving party against the harm to the movant if leave is not granted. 3 James Wm. Moore et al., Moore's Federal Practice § 15.15. The court should also consider judicial economy and the impact an amendment to the complaint would have on the court's management of the case. *Id.*

## III.        Discussion

As an initial matter, the court must address the obvious tension between the two standards implicated here. As stated, reconsideration under Rule 59(e) is an extraordinary remedy that will be granted only under limited circumstances. Rule 15, by contrast, embodies the liberal pleading philosophy of the federal rules, and motions seeking leave to file an amended complaint under Rule 15 are generally granted except under limited circumstances.

Here, a final judgment has been rendered and the court is now facing, simultaneously, a motion to reconsider under Rule 59 and a motion for leave to file an amended complaint under Rule 15. These motions are procedurally proper because "after judgment dismissing the complaint is entered, 'a party may seek to amend the

complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure 59(e) and 60(b)." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011) (quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007)).  In other words, after a final judgment is entered, Rule 59(e), (and Rule 60(b)), provides a window by which a party may seek to reopen the judgment and amend the complaint.  *Id.*

Defendant LIU also notes the apparent tension between the standards at issue here, and argues that Plaintiff "urge[s] the Court to misapply the standards for altering or amending a final judgment under Rules 59 and 60 by confusing those standards with the more generous standards that might have applied under Rule 15(a) to this action prior to dismissal."  (Doc. 39, p. 4.)  The court, however, disagrees to some extent with this argument.  In this Circuit, "'where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'"  *Burtch*, 662 F.3d at 230 (quoting *In re Adams Golf Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)); *see also Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984)).  In *Burtch*, the Third Circuit determined that the appropriate manner in which to resolve a Rule 59(e) motion and a Rule 15(a) motion is "to consider the motions together and determine what outcome is permitted by consideration of the Rule 15(a) factors."  662 F.3d at 231.  Thus, the court must consider both motions and determine whether granting the motions would cause undue delay or prejudice to the non-moving party, or if the motions were filed in bad faith, or whether the filing of an amended complaint would be an effort in futility.  However, even though the court is applying the less stringent Rule 15(a) standard, this Circuit has held that "'the liberality of [Rule 15(a)] is no longer applicable once a judgment has been entered'

6

because Rule 15(a) and 59(e) should not be employed in a manner contrary to "favoring finality of judgements and the expeditious termination of litigation . . . that would render those provisions meaningless." *Burtch*, 662 F.3d at 231 (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002)).  With this somewhat less liberal Rule 15(a) standard in mind, the court will now address the motions.

### A.    Plaintiff's Motion to Alter or Amend Judgment and Motion for Leave to File an Amended Complaint

Plaintiff asserts three reasons for altering or amending judgment.  First, Plaintiff seeks to correct a drafting error labeling Defendant LIU as Plaintiff's "local educational agency" ("LEA").  Plaintiff asserts that the proper LEA is the School District of the City of York, who is not a Defendant to this action.  Plaintiff notes that the only permissible parties to a due process hearing are the parent of a child and the "LEA responsible for providing a child's education." (Doc. 32 at 8 (citing the Pennsylvania Special Education Dispute Resolution Manual issued by the Office of Dispute Resolution ("ODR Manual"), Doc. 32-1.))  Thus, Plaintiff argues, because neither of the Defendants are designated as Plaintiff's LEA, a Pennsylvania administrative due process hearing would not have jurisdiction over any claim against Paradise Defendants and LIU.  Second, Plaintiff argues that because the proposed amended complaint is seeking only compensatory damages and attorneys fees and no longer requests declaratory relief, this court would have jurisdiction and exhaustion should not be required.

Plaintiff's second argument directly addresses the court's reasoning for dismissing the original complaint.  This court, relying on the principle that "the Court . . . will not excuse exhaustion if the administrative process is capable of providing

Plaintiffs *some* form of relief," *Brandon V. v. Chichester Sch. Dist.*, 2007 U.S. Dist. LEXIS 53852, at *10-11 (E.D. Pa. July 25, 2007), dismissed the action, noting that declaratory relief and attorneys' fees are available at administrative proceedings. Plaintiff now withdraws his request for declaratory relief.  Regarding attorneys fees, the IDEA provides:

> (I) Administrative Procedures
>
>> (3) Jurisdiction of district courts; attorneys' fees
>>
>>> (A) In General.  The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.
>>>
>>> (B) Award of attorneys' fees
>>>
>>>> (I) In general.  In any action or proceeding brought under this section, *the court*, in its discretion, may award reasonable attorneys fees as part of the costs –

20 U.S.C. § 1415(I) (emphasis added).  Moreover, the ODR manual states "A court, but not a Hearing Officer, in its discretion, may award reasonable attorneys' fees as part of the costs."  (Doc. 31-1.)  The court finds the language of the ODR manual to be consistent with the IDEA and concludes that attorneys' fees under the IDEA are available from a federal district court and thus exhaustion is not required on this basis.[1]

Next, as required, the court will address these motions in the context of the Rule 15(a) factors.  First, the court does not find that granting Plaintiff's motions

---

[1]    The court would still have dismissed Plaintiff's original complaint for failure to exhaust on the ground that Plaintiff sought declaratory relief, a remedy available from an administrative proceeding. *See Hesling v. Avon Grove Sch. Dist.* ("*Hesling I*"), 428 F. Supp. 2d 262, 273 (E.D. Pa. 2006).

would be futile.  Indeed, Plaintiff's decision to limit the relief sought to only compensatory damages and attorneys' fees will cure the jurisdictional defect of the original complaint because it is now clear that this court has jurisdiction over the matter and exhaustion is excused.  *See Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874 (3d Cir. 1992) (reversing district court decision denying reconsideration and motion to amend complaint, where amended complaint may have cured jurisdictional defect by properly asserting diversity jurisdiction); *see also Brooks v. Cent. Dauphin Sch. Dist.*, 2011 U.S. Dist. LEXIS 107609 (M.D. Pa. Aug. 31, 2011) (exhaustion is not required if compensatory damages are sought because compensatory damages not available at administrative level); *Colon v. Colonial Inter. Unit 20*, 443 F. Supp. 2d 659, 688 (M.D. Pa. 2006) (citing *W.B. v. Matula,* 67 F.3d 484, 495-96 (3d Cir. 1995)).[2]

Defendant LIU devotes less than three pages of its brief in opposition to the argument that accepting the proposed amended complaint would be futile because an action for money damages under Section 504 and the ADA cannot lie based on free appropriate public education ("FAPE") violations alone absent some evidence of intentional discrimination or at least "deliberate indifference."  (Doc. 39 at 7-10.) LIU argues that the amended complaint would fail to state a cognizable claim for monetary damages under Section 504 and the ADA because it does not sufficiently plead intentional discrimination or "deliberate indifference."

---

[2]     Plaintiff also attached to the motion for leave to supplement the record (discussed below) an order from the hearing officer dismissing Plaintiff's due process complaint because Plaintiff "does not seek declaratory or other relief" but rather seeks money damages and attorney fees, relief that the hearing officer does not have authority to award.  (Doc. 37-2.)  Thus, for this additional reason, exhaustion is excused and this court now has jurisdiction over this matter.

Without the benefit of full briefing on this issue, the court cannot conclude that the proposed amended complaint would fail to state a claim for failing to allege intentional discrimination or deliberate indifference. If the court were to so conclude, LIU's present brief in opposition would in essence be converted into a Rule 12(b)(6) motion to dismiss and the court would essentially be granting the "converted" motion even though Plaintiff has not had the full opportunity to respond to these arguments.[3]  LIU also incorporates arguments raised in its original motion to dismiss, but simply incorporating past arguments does not provide the court with sufficient briefing as to how those arguments pertain to the amended complaint, if at all. Moreover, the arguments LIU asserted in its original motion to dismiss were not previously addressed by the court because the court could not address them given the court's lack of jurisdiction over the matter. In light of the acceptance of the amended complaint, the court will not now go back and address those arguments that relate to the original complaint. The Defendants are, of course, free to file motions to dismiss the amended complaint.

LIU also argues that Plaintiff could have, and should have, amended the complaint much sooner. LIU notes that Plaintiff could have amended the complaint as of right twenty-one (21) days after serving the complaint and again twenty-one (21) days after service of the Defendants' original motions to dismiss. LIU is, of course, correct. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B). The court agrees that this is not the most efficient or economical manner in which to resolve this litigation. LIU does not, however, specifically argue that dilatory motive or bad faith inspired this

---

[3] Additional briefing should not required in every instance, provided it is clear to the court that the amended complaint would not survive a motion to dismiss. Here, however, the court cannot make that conclusion based only on LIU's brief in opposition.

course.  The courts own review of the record does not reveal any evidence of undue delay, dilatory motive, or bad faith.  Likewise, the court does not believe that accepting the amended complaint will be prejudicial to Defendants nor do Defendants specifically indicate that they would be prejudiced by the granting of these motions. Indeed, the amended complaint is similar to the original complaint except that it requests one less form of relief.  In short, the court finds that amending Plaintiff's complaint as proposed would not be futile and that the amendments will cure the jurisdictional defect.  In the absence of bad faith, undue delay, or prejudice, Plaintiff's motion for leave to file an amended complaint and motion to alter or amend judgment will be granted.

### B.    Plaintiff's Motion for Leave to Supplement the Record

In dismissing Plaintiff's original complaint, the court found that the declaratory relief sought by Plaintiff was available from an administrative proceeding and, therefore, exhaustion was required.  In light of that order, Plaintiff filed a due process complaint with the Pennsylvania Office of Dispute Resolution (ODR) seeking compensatory damages and attorneys' fees.  Notably, Plaintiff did not seek declaratory relief.[4]  The hearing officer dismissed the due process complaint finding

---

[4]    Defendant LIU alludes that Plaintiff's decision to exclude declaratory relief was somehow in contradiction to this court's prior order dismissing the action for failure to exhaust.  LIU asserts: "Perhaps most critical, however, is that once this Court made clear that prayer for declaratory relief rendered exhaustion of administrative remedies a jurisdictional imperative, Plaintiffs could have at least attempted to exhaust these claims.  They did not do so . . . .  Despite this record of indolence and disregard for the guidance expressly provided by this Court, Plaintiffs here seek a do-over."  (Doc. 39 at 3, 4.)  The court, however, is not so offended.  Our prior order did not require Plaintiff to exhaust the request for declaratory relief; rather, it only required exhaustion if that relief was sought from this court, which, now, it is not.  Nor does the court find Plaintiff's filing of a due process complaint to be futile. Indeed, the hearing officer's order dismissing the action confirmed that the administrative body does not

(continued...)

that it "does not seek declarative or other relief" and the hearing officer does not have the authority to award money damages or attorneys' fees.  Plaintiff is seeking to supplement the record on the motion to amend or alter judgment and motion for leave to file an amended complaint with the hearing officer's order (Doc. 37-1) and the due process complaint (Doc. 37-2).  Paradise Defendants and Defendant LIU consent to having the order and complaint added to the record, but object to the submission of any legal argument or brief in light of their consent.  LIU requests in its brief in opposition, and without filing a separate motion and brief, that Plaintiff's brief in support of supplementing the administrative record be stricken.  Defendant LIU points to Middle District Local Rule 7.5 (b), which provides that "A brief shall not be required: . . . (b) In support of any motion which has the concurrence of all parties . . . ."  However, nothing in Rule 7.5 (b) provides that a supporting brief is improper in this situation; rather, Rule 7.5 (b) merely states that it is not *required*.  Thus, Plaintiff's motion for leave to supplement the record will be granted and the court will not strike the brief in support of the motion.

Finally, in its two-page submission joining Defendant LIU's motions (Doc. 40), Paradise Defendants urge this court to strike portions of Plaintiff's proposed amended complaint.  Paradise Defendants argue that because Plaintiff has admitted that Paradise Defendants are not "public entities" under the ADA and because Paradise Defendants are not local educational agencies under the IDEA, any assertions claiming that Paradise Defendants acted in violation of the ADA and IDEA should be stricken.  Here again, the court will not strike any portion of Plaintiff's

----

[4](...continued)
have jurisdiction over Plaintiff's claims for compensatory damages and attorneys' fees, and thus exhaustion is not required with regard to these claims.

amended complaint without the benefit of proper briefing.  After the filing of the amended complaint, Paradise Defendants may file a motion to strike or a motion to dismiss.  A motion to strike should clearly indicate which portions of the amended complaint Paradise Defendants wish to have stricken.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  March 30, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PATRICK B., a Minor, By and** : 
**through his Parent, KESHIA B., of** :   **CIVIL NO: 1:11-CV-00927**
**York, PA,** :
:
**Plaintiff,** :
:
**v.** :
:
**THE PARADISE PROTECTORY** :   **JUDGE SYLVIA H. RAMBO**
**AND AGRICULTURAL SCHOOL,** :
**INC., *et al.*,** :
:
**Defendants** :
:

## O R D E R

In accordance with the above memorandum, it is **HEREBY**

**ORDERED** as follows:

1.  Plaintiff's motion to alter or amend judgment (Doc. 31) is

**GRANTED**.  The clerk of court is directed to reopen this case.

2.  Plaintiff's motion for leave to file an amended complaint (Doc. 33) is

**GRANTED**.  The clerk is directed to file the amended complaint attached to

Plaintiff's memorandum of law in support of Plaintiff's motion for leave to file an

amended complaint.  (Doc. 34-1.)

3.  Defendants shall respond to the Amended Complaint in accordance

with the Federal Rules of Civil Procedure.

      4.  Plaintiff's motion to supplement the record (Doc. 37) is **GRANTED.**

s/Sylvia H. Rambo
United States District Judge

Dated:  March 30, 2012.